No. 56 December 24, 2025 643

IN THE SUPREME COURT OF THE
STATE OF OREGON

NATALIA JOANNE HERNANDEZ,
*Plaintiff,*

*v.*

Charlotte THRASHER,
Superintendent, Coffee Creek
Correctional Facility,
*Defendant.*

(SC S072503)

En Banc

Original proceeding in habeas corpus.

Submitted on the record December 22, 2025.

Julia Yoshimoto, Oregon Justice Resource Center, Portland, filed the filed the petition and the memorandum in support of the petition for plaintiff.

Paul L. Smith, Interim Solicitor General, Salem, filed the response to the petition for defendant. Also on the response was Dan Rayfield, Attorney General.

GARRETT, J.

It is hereby ordered that plaintiff immediately be discharged from her illegal imprisonment. Pursuant to ORAP 1.20(5) and notwithstanding ORAP 9.25 and ORAP 14.05 (3)(b), the State Court Administrator shall issue the appellate judgment immediately.

**GARRETT, J.**

Plaintiff was prosecuted in several cases in Marion County for crimes, including delivery of methamphetamine and attempted first-degree assault with a firearm. In 2021, she pleaded guilty to Count 1 in Case No. 19CR78400 and Counts 3 and 4 in Case No. 20CR62272. Plaintiff was sentenced to a total term of incarceration of 85 months. That term of incarceration was the result of three consecutive sentences: First, the trial court imposed a 16-month sentence on Count 3 in Case No. 20CR62272. With regard to that count, the judgment stated, "Credit for time served is pursuant to ORS 137.370 for case number[s] 19CR78400, 20CR52634, 19CR53050. [Plaintiff] may receive credit for time served." Second, the court imposed a 29-month sentence on Count 4 in the same case, which was to be served consecutively to Count 3. With regard to that count, the judgment stated, "Credit for time served is pursuant to ORS 137.370 for case numbers[s] 19CR78400, 20CR52634, 19CR53050. [Plaintiff] may receive credit for time served." Third, the court imposed a 40-month sentence on Count 1 in Case No. 19CR78400, which was to be served consecutively to the sentences in Case No. 20CR62272. With regard to that count, the judgment stated, "Credit for time served pursuant to ORS[] 137.370 for case number[s] 20CR62272, 19CR78400, 20CR52634 and 19CR53050. [Plaintiff] may receive credit for time served."

In 2025, we issued a decision concerning the calculation of credit for time served under ORS 137.370(4). *State ex rel Torres-Lopez v. Fahrion*, 373 Or 816, 572 P3d 1045 (*Torres-Lopez I*), *adh'd to as modified on recons*, 374 Or 423, ___ P3d ___ (2025) (*Torres-Lopez II*). Following our decision in *Torres-Lopez I*, the Oregon Department of Corrections (DOC) recalculated plaintiff's credit for time served and determined that plaintiff's projected release date was in the past. In August 2025, DOC released plaintiff from a correctional facility. According to a "State of Oregon Board of Parole and Post-Prison Supervision Order of Supervision Conditions" attached to plaintiff's petition, she was released onto post-prison supervision (PPS).

Then, in late October, the district attorney's office filed a motion pursuant to ORS 137.172 to correct the judgment of conviction to clarify the sentencing court's intent in Case No. 19CR78400. *See* ORS 137.172(1) ("The trial court retains authority after entry of judgment of conviction * * * to modify the judgment, including the sentence, to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all of the parties."). Thereafter, the trial court issued a notice of its intent to amend the judgment of conviction, pursuant to ORS 137.172(1) and the court's common-law authority, to add the following statement to the judgment, "The court intends that any credit under ORS 137.370(4) for one or more consecutive sentences in this judgment be applied a single time towards the total term of incarceration imposed as a result of those consecutive sentences." (Boldface omitted.) The notice informed plaintiff that she could object to the amendment. On November 25, plaintiff's attorney objected.

Around the same time, DOC recalculated plaintiff's credit for time served and "returned to the original calculation." Based on that calculation, DOC determined that plaintiff still had time left to serve on her term of incarceration.

On November 22, DOC issued an "Order for Arrest and Return of Prisoner," which stated that plaintiff had "escaped from custody or ha[d] not completed service of [her] term of incarceration and is therefore a fugitive from justice and subject to arrest and detention in accordance with [ORS] 144.350." The order directed any "Sheriff, Peace Officer, Parole Officer, or Corrections Officer" to take plaintiff "into custody and have [plaintiff] detained until an agent of [DOC] arrives and custody can be transferred to the agent."

After plaintiff received a call from the Clackamas County Sheriff's Office on November 24 informing her of DOC's order for her arrest, plaintiff turned herself into the Marion County Jail on November 25. The district attorney's motion to correct the judgment remains pending in the trial court.

Thereafter, plaintiff petitioned for a writ of habeas corpus, requesting that this court exercise its original jurisdiction and order her immediate release from prison. *See* Or Const, Art VII (Amended), § 2 ("[T]he supreme court may, in its own discretion, take original jurisdiction in * * * habeas corpus proceedings.").[1] Plaintiff's petition presents the same legal issues decided this day in *Arellano-Sanchez v. Thrasher*, 374 Or Or 623, ___ P3d ___ (Dec 24, 2025), and the circumstances in this case are qualitatively indistinguishable from those in *Arellano-Sanchez*. Accordingly, for the reasons stated in *Arellano-Sanchez*, we conclude that ORS 144.350 did not authorize DOC to issue the order for plaintiff's arrest and return and that, as a result, plaintiff's present imprisonment is unlawful.

We order defendant to discharge plaintiff from custody immediately. *See* ORS 34.700(1) ("If it appears that the party detained is imprisoned or restrained illegally, judgment shall be given that the party be discharged forthwith[.]"). We further waive otherwise applicable appellate rules relating to reconsideration and the issuance of the appellate judgment, and we direct the State Court Administrator to issue the appellate judgment immediately. *See* ORAP 1.20(5) (permitting the court, for good cause and on its own motion, to waive any rule of appellate procedure); ORAP 9.25 (providing for reconsideration); ORAP 14.05 (3)(b) (providing for the timing of the issuance of the appellate judgment).[2]

It is hereby ordered that plaintiff immediately be discharged from her illegal imprisonment. Pursuant to ORAP 1.20(5) and notwithstanding ORAP 9.25 and ORAP 14.05(3)(b), the State Court Administrator shall issue the appellate judgment immediately.

---

[1] *See also* ORS 34.310 (providing that every person who is "imprisoned or otherwise restrained of liberty," with exceptions, "may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint, and if illegal, to be delivered therefrom").

[2] ORS 34.700(2) provides that a court "shall include in the judgment an order that the defendant pay the attorney fees incurred by the petition, not to exceed $100," if "[t]he court enters a judgment requiring that the plaintiff be discharged" and "[t]he court finds that the allegations or defenses in the return were frivolous." Under the circumstances, we do not find that the state's position was frivolous. For that reason, plaintiff is not entitled to attorney fees under the statute.