618 December 24, 2025 No. 54

IN THE SUPREME COURT OF THE
STATE OF OREGON

THOMAS GOLDEN ALLEN,
*Plaintiff,*

*v.*

Charlotte THRASHER,
Superintendent,
Coffee Creek
Correctional Facility,
*Defendant.*

(SC S072466)

En Banc

Original proceeding in habeas corpus.

Argued and submitted December 18, 2025.

Thaddeus August Betz, Oregon Justice Resource Center, Portland, argued the cause and filed the and filed the petition, the memorandum in support of the petition, and the reply for plaintiff.

Paul L. Smith, Deputy Solicitor General, Salem, argued the cause and filed the response to the petition for defendant. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

GARRETT, J.

It is hereby ordered that plaintiff immediately be discharged from his illegal imprisonment. Pursuant to ORAP 1.20(5) and notwithstanding ORAP 9.25 and ORAP 14.05 (3)(b), the State Court Administrator shall issue the appellate judgment immediately.

**GARRETT, J.**

In 2013, plaintiff pleaded guilty to sex crimes, including two counts of first-degree rape. Then, in 2019, following a remand from the Court of Appeals, plaintiff was resentenced to a total term of incarceration of 180 months. That term of incarceration was the result of a 100-month sentence on one count and a 100-month sentence on another count, of which 80 months were to be served consecutively. The judgment for each count stated that "[plaintiff] shall receive[] all credit for time served under this case number back" to a date in 2012. The Oregon Department of Corrections (DOC) calculated plaintiff's projected release date to be in August 2027.

In 2025, we issued a decision concerning the calculation of credit for time served under ORS 137.370(4). *State ex rel Torres-Lopez v. Fahrion*, 373 Or 816, 572 P3d 1045 (*Torres-Lopez I*), *adh'd to as modified on recons*, 374 Or 423, ___ P3d ___ (2025) (*Torres-Lopez II*). Following our decision in *Torres-Lopez I*, DOC recalculated plaintiff's credit for time served and determined that plaintiff's projected release date was in the past. In August 2025, DOC released plaintiff onto post-prison supervision (PPS).

Then, in late October, the district attorney's office filed a motion pursuant to ORS 137.172 to correct the judgment of conviction to clarify the sentencing court's intent. *See* ORS 137.172(1) ("The trial court retains authority after entry of judgment of conviction *** to modify the judgment, including the sentence, to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all of the parties."). Thereafter, the trial court issued a notice of its intent to amend the judgment of conviction, pursuant to ORS 137.172(1) and the court's common-law authority, to add the following statement to the judgment: "The court intends that any credit under ORS 137.370(4) for one or more consecutive sentences in this judgment be applied a single time towards the total term of incarceration imposed as a result of those consecutive sentences." (Boldface omitted.) The notice informed plaintiff

that he could object to the amendment. On November 14, plaintiff's attorney objected.

At or around the same time, according to the state, DOC engaged in "additional deliberation" and "corrected" its calculation of plaintiff's credit for time served. Based on its new recalculation, DOC determined that plaintiff still had time left to serve on his term of incarceration, and plaintiff's new projected release date was set for a date in 2027.

On November 22, DOC issued an "Order for Arrest and Return of Prisoner," which stated that plaintiff had "escaped from custody or ha[d] not completed service of [his] term of incarceration and is therefore a fugitive from justice and subject to arrest and detention in accordance with [ORS] 144.350." The order directed any "Sheriff, Peace Officer, Parole Officer, or Corrections Officer" to take plaintiff "into custody and have [plaintiff] detained until an agent of [DOC] arrives and custody can be transferred to the agent."

Plaintiff was taken into custody pursuant to DOC's order on November 24. On December 8, in the trial court, the state moved to withdraw its motion to correct the judgment of conviction. The trial court granted that motion.

Thereafter, plaintiff petitioned for a writ of habeas corpus, requesting that this court exercise its original jurisdiction and order his immediate release from prison. *See* Or Const, Art VII (Amended), § 2 ("[T]he supreme court may, in its own discretion, take original jurisdiction in \* \* \* habeas corpus proceedings.").[1] Plaintiff's petition presents the same legal issues decided this day in *Arellano-Sanchez v. Thrasher*, 374 Or 623, ___ P3d ___ (Dec 24, 2025), and the circumstances in this case are qualitatively indistinguishable from those in *Arellano-Sanchez*. Accordingly, for the reasons stated in *Arellano-Sanchez*, we conclude that ORS 144.350 did not authorize DOC to issue the order for plaintiff's arrest and return and that, as a result, plaintiff's present imprisonment is unlawful.

_____

[1] *See also* ORS 34.310 (providing that every person who is "imprisoned or otherwise restrained of liberty," with exceptions, "may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint, and if illegal, to be delivered therefrom").

We order defendant to discharge plaintiff from custody immediately. *See* ORS 34.700(1) ("If it appears that the party detained is imprisoned or restrained illegally, judgment shall be given that the party be discharged forthwith[.]"). We further waive otherwise applicable appellate rules relating to reconsideration and the issuance of the appellate judgment, and we direct the State Court Administrator to issue the appellate judgment immediately. *See* ORAP 1.20(5) (permitting the court, for good cause and on its own motion, to waive any rule of appellate procedure); ORAP 9.25 (providing for reconsideration); ORAP 14.05(3)(b) (providing for the timing of the issuance of the appellate judgment).[2]

It is hereby ordered that plaintiff immediately be discharged from his illegal imprisonment. Pursuant to ORAP 1.20(5) and notwithstanding ORAP 9.25 and ORAP 14.05(3)(b), the State Court Administrator shall issue the appellate judgment immediately.

---

[2] ORS 34.700(2) provides that a court "shall include in the judgment an order that the defendant pay the attorney fees incurred by the petition, not to exceed $100," if "[t]he court enters a judgment requiring that the plaintiff be discharged" and "[t]he court finds that the allegations or defenses in the return were frivolous." Under the circumstances, we do not find that the state's position was frivolous. For that reason, plaintiff is not entitled to attorney fees under the statute.