744                    January 27, 2026                    No. 4

IN THE SUPREME COURT OF THE
STATE OF OREGON

MICHAEL ANDREW McEWEN,
*Plaintiff,*

*v.*

Charlotte THRASHER,
Superintendent, Coffee Creek
Correctional Facility,
*Defendant.*

(SC S072575)

En Banc

Original proceeding in habeas corpus.

Submitted on the record January 21, 2026.

Thaddeus August Betz, Oregon Justice Resource Center, Portland, filed the petition, the memorandum in support of the petition, and the reply for plaintiff.

Paul L. Smith, Solicitor General, Salem, filed the response to the petition for defendant. Also on the response was Dan Rayfield, Attorney General.

GARRETT, J.

It is hereby ordered that plaintiff immediately be discharged from his illegal imprisonment. Pursuant to ORAP 1.20(5) and notwithstanding ORAP 9.25 and ORAP 14.05 (3)(b), the State Court Administrator shall issue the appellate judgment immediately.

**GARRETT, J.**

In 2024, plaintiff was sentenced to a total term of incarceration of 49 months, the product of a 23-month sentence in one case and a 26-month sentence on a count in another case, which were to be served consecutively. The judgment for each count provided, in part, "[Plaintiff] may receive credit for time served. [Plaintiff] shall receive pre-sentence incarceration credits pursuant to ORS 137.370(4)."

In 2025, we issued a decision concerning the calculation of credit for time served under ORS 137.370(4). *State ex rel Torres-Lopez v. Fahrion*, 373 Or 816, 572 P3d 1045 (*Torres-Lopez I*), *adh'd to as modified on recons*, 374 Or 423, 579 P3d 1056 (2025) (*Torres-Lopez II*). Following our decision in *Torres-Lopez I*, the Oregon Department of Corrections (DOC) recalculated plaintiff's credit for time served and determined that plaintiff's projected release date was in the past. In July 2025, DOC released plaintiff onto post-prison supervision.

In October, the district attorney's office in Jackson County filed a motion to correct the judgment of conviction in one of plaintiff's criminal cases. *See* ORS 137.172(1) ("The trial court retains authority after entry of judgment of conviction *** to modify the judgment, including the sentence, to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all of the parties."). The state requested that the trial court amend the judgment by "removing the language '*pursuant to ORS 137.740(4)*' from each of the counts defendant was sentenced under." (Emphasis in original.)

Thereafter, DOC changed its view of the relevant law and again recalculated plaintiff's credit for time served. Under that new calculation, DOC determined that plaintiff had time left to serve on his term of incarceration. DOC then issued an order for plaintiff's arrest and detention pursuant to ORS 144.350.

On December 8, the state moved to withdraw its motion to correct the judgment, explaining that the motion

was "moot" because DOC had corrected its "error in this matter and issued a warrant to bring the defendant back into their custody to serve the remainder of his sentence originally agreed upon by the parties and imposed by this court." The trial court granted that motion. Plaintiff was rearrested on December 9.

On December 24, this court issued *Arellano-Sanchez v. Thrasher*, 374 Or 623, ___ P3d ___ (2025), concluding that, under similar circumstances, DOC lacked authority to issue orders pursuant to ORS 144.350 and, for that reason, the plaintiff's detention in that case was unlawful. The court reached the same conclusion in *Allen v. Thrasher*, 374 Or 618, ___ P3d ___ (2025), and *Hernandez v. Thrasher*, 374 Or 643, ___ P3d ___ (2025), two other cases that presented qualitatively indistinguishable circumstances.

Within a few hours of the issuance of the decisions in *Arellano-Sanchez*, *Allen*, and *Thrasher*, the district attorney's office filed a motion to amend the judgments of conviction in plaintiff's criminal cases by "delet[ing] the erroneous references to 'credit for time served' or 'presentence incarceration credits pursuant to ORS 137.370(4)' in the judgment on the consecutive counts in this matter" in order "to ensure [plaintiff's] sentence continues to be calculated accurately, consistent with the Court's intent." Following a hearing on January 9, 2026, the trial court issued an order denying the motion.

In the meantime, plaintiff had petitioned for a writ of habeas corpus, requesting that this court exercise its original jurisdiction and order his immediate release from prison. *See* Or Const, Art VII (Amended), § 2 ("[T]he supreme court may, in its own discretion, take original jurisdiction in * * * habeas corpus proceedings.").[1] Plaintiff contends that there is "no legal or factual distinction between plaintiff's case and the individuals" whom this court ordered be immediately released "in *Allen*, *Arellano-Sanchez*, and *Hernandez*." In response, the state has acknowledged that "[a]ny factual

---

[1] *See also* ORS 34.310 (providing that every person who is "imprisoned or otherwise restrained of liberty," with exceptions, "may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint, and if illegal, to be delivered therefrom").

or procedural differences between this case and those are likely immaterial to the questions before this court in this habeas proceeding." The state has further acknowledged that, "[p]ursuant to this court's holding in *Arellano-Sanchez*, [the state] agrees that ORS 144.350 did not provide authority for plaintiff's re-arrest."

We understand the state to essentially agree that plaintiff is entitled to release under the rationale of *Arellano-Sanchez*. However, the state asserts that the factual and procedural posture of this case is similar to another recently decided habeas case, *Fletes v. Thrasher*, 374 Or 735, ___ P3d ___ (Jan 23, 2026), and the state's related mandamus petition in *State v. Fletes* (S072586), in which the state contended that the trial court's order denying the state's motion to amend the judgment was legally erroneous. The state has requested that this court defer resolution of plaintiff's habeas petition pending resolution of the mandamus petition in *State v. Fletes* (S072586).[2] Plaintiff has filed a reply objecting to that request.

As both parties observe, the circumstances in this case are qualitatively indistinguishable from those in *Arellano-Sanchez*. Thus, for the reasons stated in *Arellano-Sanchez*—and consistent with our decision in *Fletes*, 374 Or 735—we conclude that ORS 144.350 did not authorize DOC to issue the order for plaintiff's arrest and return. Given the trial court's denial of the state's motion pursuant to ORS 137.172, no other putative source of authority presently exists for plaintiff's imprisonment. We deny the state's request that we defer disposition of plaintiff's habeas petition pending resolution of the state's mandamus petition in *State v. Fletes* (S072586).

Accordingly, we order that defendant discharge plaintiff from custody immediately. *See* ORS 34.700(1) ("If it appears that the party detained is imprisoned or restrained illegally, judgment shall be given that the party be discharged forthwith[.]"). We further waive otherwise applicable

---

[2] According to the state, "due to some case-specific issues," the state has not filed—and "may not ever" file—"a mandamus petition challenging the trial court's denial of the motion to correct the underlying criminal judgments in this case."

appellate rules relating to reconsideration and the issuance of the appellate judgment, and we direct the State Court Administrator to issue the appellate judgment immediately. *See* ORAP 1.20(5) (permitting the court, for good cause and on its own motion, to waive any rule of appellate procedure); ORAP 9.25 (providing for reconsideration); ORAP 14.05(3)(b) (providing for the timing of the issuance of the appellate judgment).[3]

It is hereby ordered that plaintiff immediately be discharged from his illegal imprisonment. Pursuant to ORAP 1.20(5) and notwithstanding ORAP 9.25 and ORAP 14.05(3)(b), the State Court Administrator shall issue the appellate judgment immediately.

---

[3] ORS 34.700(2) provides that a court "shall include in the judgment an order that the defendant pay the attorney fees incurred by the petition, not to exceed $100," if "[t]he court enters a judgment requiring that the plaintiff be discharged" and "[t]he court finds that the allegations or defenses in the return were frivolous." Under the circumstances, we do not find that the state's position was frivolous. For that reason, plaintiff is not entitled to attorney fees under the statute.