No. 11    February 5, 2026    861

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Relator,*

*v.*

DOMINIC AGAPITO EARL FLETES,
aka Dominic Fletes, aka Dominic Agapito Fletes,
aka Dominic Agapito E. Fletes,
*Defendant-Adverse Party.*

(CC 22CR09099, 22CR09574) (SC S072586)

En Banc

On petition for writ of mandamus filed January 16, 2026; considered and under advisement on February 3, 2026.*

Jennifer S. Lloyd, Assistant Attorney General, Salem, filed the petition for writ of mandamus for plaintiff-relator. Also on the petition were Dan Rayfield, Attorney General, and Paul L. Smith, Solicitor General.

Thaddeus Betz, Oregon Justice Resource Center, Youth Justice Project, Portland, filed the response to the petition for defendant-adverse party.

PER CURIAM

The petition for writ of mandamus is denied.

Bushong, J., dissented and filed an opinion.

_____

* On petition from an order of the Jackson County Circuit Court, Laura A. Cromwell, Judge.

**PER CURIAM.**

The petition for writ of mandamus is denied.

**BUSHONG, J.,** dissenting.

I would have issued the alternative writ of mandamus and, if the trial court adhered to its decision, I would set this case for briefing and argument on the merits.[1] Relator sought relief in the trial court under ORS 137.172 to "correct" or "modify" what relator contended were "erroneous" terms in the judgments that had been entered in defendant's criminal cases.[2] Those judgments imposed two consecutive 13-month prison sentences in one case, and a consecutive 30-month prison sentence in another case, for a total prison sentence of 56 months. In relator's view, those judgments were "erroneous" because they did not clearly indicate whether the court was ordering presentence incarceration credit to be applied *once* towards defendant's 56-month prison sentence or *multiple* times to each of the separate consecutive prison sentences. As I will explain, that is a plausible argument under ORS 137.071, a statute that relator did not cite in its petition.

After defendant was sentenced, the Department of Corrections (DOC) applied defendant's presentence incarceration credits once toward defendant's 56-month prison sentence. Then, after this court's decision in *State ex rel Torres-Lopez v. Fahrion*, 373 Or 816, 572 P3d 1045, *adh'd to as modified on recons*, 374 Or 423, 579 P3d 1056 (2025), DOC recalculated defendant's sentences to apply those credits multiple times to each of the consecutive sentences that had been imposed by the sentencing court. That recalculation led DOC to release defendant from prison. DOC then changed its interpretation of the sentencing documents, concluding that its original interpretation had been correct

---

[1] Issuing an alternative writ does not mean that we have decided the merits of the petition. *See HotChalk, Inc. v. Lutheran Church-Missouri Synod*, 372 Or 249, 256, 548 P3d 812 (2024) (noting that the fact that this court "issued an alternative writ at the outset of a mandamus proceeding" does not resolve the merits of whether the trial court had a legal duty to act or whether the party seeking relief has another means of recourse that is plain, speedy, and adequate).

[2] The adverse party in this mandamus case was the criminal defendant in the underlying criminal cases. For ease of reference, I refer to the adverse party here as "defendant."

after all. Based on that subsequent recalculation, DOC ordered defendant's arrest pursuant to ORS 144.350 so that he could finish serving the remainder of his 56-month prison sentence.

In response to habeas petitions filed by defendant and others who were similarly situated, this court determined that ORS 144.350 did not authorize DOC to summarily arrest and imprison those defendants and, therefore, we ordered DOC to release them from custody. *See Fletes v. Thrasher*, 374 Or 735, __ P3d __ (2026); *McEwen v. Thrasher*, 374 Or 744, __ P3d __ (2026); *Hatton v. Sundquist*, 374 Or 739, __ P3d __ (2026); *Arellano-Sanchez v. Thrasher*, 374 Or 623, ___ P3d ___ (2025); *Allen v. Thrasher*, 374 Or 618, ___ P3d ___ (2025); *Hernandez v. Thrasher*, 374 Or 643, ___ P3d ___ (2025). Relator then filed its motion to correct or modify the judgments in defendant's criminal cases. The trial court denied relator's motion, concluding that the original judgments may have been ambiguous, but they were not "erroneous," and, thus, the court did not believe that ORS 137.172 gave it any authority to correct or modify those judgments.

Determining whether ORS 137.172 gave the trial court that authority would require us to interpret the statute, applying our familiar methodology based on the statutory text, context, and any relevant legislative history. *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009). The most relevant context, in my view, is ORS 137.071(2)(g), which requires a judgment document in a criminal case to "[s]pecify clearly the court's disposition, including all legal consequences the court establishes or imposes." DOC's apparent confusion over whether the original judgment documents required it to apply presentence incarceration credit once or multiple times to the consecutive sentences imposed by the court suggests that those judgment documents did *not* "specify clearly" all the legal consequences of the prison sentences that the court had imposed. In that sense, at least, the judgment documents may have been "erroneous." It would seem to follow, in my view, that the trial court would have authority under ORS 137.172 to consider correcting or modifying the erroneous terms in those judgment documents and make the legal consequences of the sentences

clear. I would issue an alternative writ of mandamus, and if the trial court adhered to its decision, I would set the matter for briefing and argument so that we could resolve the issue on its merits.

Unfortunately, relator did not address ORS 137.071(2)(g) in its petition, and none of the cases cited by the parties have considered how ORS 137.071(2)(g) in conjunction with ORS 137.172 might affect the analysis. That should not, in my view, preclude us from requesting briefing on the issue so that we can resolve it in this mandamus case. Nor should the court's decision declining to issue an alternative writ in this case preclude consideration of the issue in a future case.

Accordingly, I respectfully dissent from this court's decision to deny the petition for a writ of mandamus.