866 February 12, 2026 No. 12

IN THE SUPREME COURT OF THE
STATE OF OREGON

CRAIG ANTHONY ROBINSON, JR.,
*Plaintiff,*

*v.*

Kimberly HENDRICKS,
Superintendent,
Santiam Correctional Institution,
*Defendant.*

(SC S072648)

En Banc

Original proceeding in habeas corpus.

Submitted on the record February 11, 2026.

Eric Deitrick, Oregon Justice Resource Center, Portland, filed the petition, the memorandum in support of the petition, and the reply for plaintiff.

Kirsten M. Naito, Assistant Attorney General, Salem, filed the response to the petition for defendant. Also on the response were Dan Rayfield, Attorney General, and Paul L. Smith, Solicitor General.

GARRETT, J.

It is hereby ordered that plaintiff immediately be discharged from his illegal imprisonment. Pursuant to ORAP 1.20(5) and notwithstanding ORAP 9.25 and ORAP 14.05 (3)(b), the State Court Administrator shall issue the appellate judgment immediately.

**GARRETT, J.**

This is another in a series of petitions for writs of habeas corpus concerning issues addressed by this court in *Arellano-Sanchez v. Thrasher*, 374 Or 623, ___ P3d ___ (2025). As we explain below, we order that plaintiff be discharged from custody. We also address more broadly the circumstances presently leading to the series of habeas petitions raising the same underlying legal question.

In June 2025, plaintiff was sentenced to a total term of incarceration of 60 months, the product of a 30-month sentence on one count and a 30-month sentence on another count, which were to be served consecutively. For each count, the judgment provided, in part, "[Plaintiff] may receive credit for time served. [Plaintiff] shall receive presentence incarceration credits pursuant to ORS 137.370(4)."

In July, we issued a decision concerning the calculation of credit for time served under ORS 137.370(4). *State ex rel Torres-Lopez v. Fahrion*, 373 Or 816, 572 P3d 1045 (*Torres-Lopez I*), *adh'd to as modified on recons*, 374 Or 423, 579 P3d 1056 (2025) (*Torres-Lopez II*). Following our decision in *Torres-Lopez I*, the Oregon Department of Corrections (DOC) recalculated plaintiff's credit for time served and determined that plaintiff's projected release date was in the past. In August, DOC released plaintiff.

In October, the district attorney's office in Jackson County filed a motion to correct the judgment of conviction in plaintiff's criminal case. *See* ORS 137.172(1) ("The trial court retains authority after entry of judgment of conviction *** to modify the judgment, including the sentence, to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all of the parties."). The state requested that the trial court amend the judgment by "removing the language '*pursuant to ORS 137. [370](4)*' from [both counts]." (Emphasis in original.)

Thereafter, DOC changed its view of the relevant law and again recalculated plaintiff's credit for time served. Under that new calculation, DOC determined that plaintiff

had time left to serve on his term of incarceration. DOC then issued an order for plaintiff's arrest and detention pursuant to ORS 144.350. On November 25, plaintiff was re-admitted to DOC custody pursuant to DOC's order.

On December 1, the state moved to withdraw its motion to correct the judgment, explaining that the motion was "moot" because DOC had corrected its "error in this matter, the defendant is back in [its] custody, and the defendant is now serving the remainder of his sentence originally agreed upon by the parties and imposed by this court." The trial court granted that motion.

On December 24, this court issued *Arellano-Sanchez*, in which the court concluded that, under similar circumstances, DOC lacked authority to issue orders pursuant to ORS 144.350 and, for that reason, the plaintiff's detention in that case was unlawful. 374 Or at 637. The court reached the same conclusion in *Allen v. Thrasher*, 374 Or 618, ___ P3d ___ (2025), and *Hernandez v. Thrasher*, 374 Or 643, ___ P3d ___ (2025), two other cases that presented qualitatively indistinguishable circumstances.

Within a few hours of the issuance of the decisions in *Arellano-Sanchez*, *Allen*, and *Thrasher*, the district attorney's office filed a motion to amend the judgment of conviction in plaintiff's criminal case by "delet[ing] the erroneous references to 'credit for time served' or 'presentence incarceration credits pursuant to ORS 137.370(4)' in the judgment on the consecutive counts in this matter" in order "to ensure [plaintiff's] sentence continues to be calculated accurately, consistent with the Court's intent[.]" Following a hearing on January 9, 2026, the trial court issued an order denying the motion.

Thereafter, in *Fletes v. Thrasher*, 374 Or 735, 738, ___ P3d ___ (2026), this court ordered that the plaintiff be discharged from custody. We again concluded that ORS 144.350 did not authorize DOC to issue the order for the plaintiff's arrest and return under circumstances that were essentially indistinguishable from those in *Arellano-Sanchez* and that no other putative source of authority existed for the plaintiff's imprisonment. *See also McEwen v. Thrasher*, 374

Or 744, ___ P3d ___ (2026) (same); *Hatton v. Sundquist*, 374
Or 739, ___ P3d ___ (2025) (same).

Plaintiff then petitioned for a writ of habeas corpus, requesting that this court exercise its original jurisdiction and order his immediate release from prison. *See* Or Const, Art VII (Amended), § 2 ("[T]he supreme court may, in its own discretion, take original jurisdiction in * * * habeas corpus proceedings.").[1] Plaintiff contends that there is "no legal or factual distinction between plaintiff's case and the individuals" whom this court ordered be immediately released in *Arellano-Sanchez* and other related cases identified above. In response, the state has acknowledged that "[a]ny factual or procedural differences between this case and those are likely immaterial to the questions before this court in this habeas proceeding." The state has further acknowledged that, "[p]ursuant to this court's holding in *Arellano-Sanchez*, * * * ORS 144.350 did not provide authority for plaintiff's re-arrest." For that reason, the state notes that "plaintiff is entitled to the same habeas relief as the plaintiffs in *Arellano-Sanchez*, *Allen*, and *Hernandez*."

In sum, as both parties observe, the circumstances in this case are qualitatively indistinguishable from those in *Arellano-Sanchez*. Thus, for the reasons stated in *Arellano-Sanchez*, we again conclude that ORS 144.350 did not authorize DOC to issue the order for plaintiff's arrest and return. Given the trial court's denial of the state's motion pursuant to ORS 137.172, no other putative source of authority presently exists for plaintiff's imprisonment.

Accordingly, we order that defendant discharge plaintiff from custody immediately.[2] *See* ORS 34.700(1) ("If it appears that the party detained is imprisoned or restrained illegally, judgment shall be given that the party be discharged forthwith[.]"). We further waive otherwise applicable appellate rules relating to reconsideration and

---

[1] *See also* ORS 34.310 (providing that every person who is "imprisoned or otherwise restrained of liberty," with exceptions, "may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint, and if illegal, to be delivered therefrom").

[2] Also this day, the court has ordered that three other similarly situated plaintiffs be discharged from custody: *Golden v. Beaumont* (S072646), *Johnson v. Hendricks* (S072647), and *Weber v. Randall* (S072649).

the issuance of the appellate judgment, and we direct the State Court Administrator to issue the appellate judgment immediately. *See* ORAP 1.20(5) (permitting the court, for good cause and on its own motion, to waive any rule of appellate procedure); ORAP 9.25 (providing for reconsideration); ORAP 14.05(3)(b) (providing for the timing of the issuance of the appellate judgment).[3]

This court has now ordered the release of ten plaintiffs who were unlawfully arrested and imprisoned by DOC under color of ORS 144.350. Based on the filings submitted in this and other cases, we understand that other similarly situated persons remain in custody—that is, that the state continues to detain individuals like the plaintiff in *Arellano-Sanchez* without demonstrating any putative source of authority for their present imprisonment. The state has requested further direction from this court, indicating that DOC does not believe it has the legal authority to release such individuals absent a ruling specifically directing their release.

As to the described category of persons, we decline to specifically order the release of any person who has not filed a petition seeking such relief, because we must not assume that an individual who has not demanded that relief desires it. According to a filing by the state in a different case, at least one affected person, similarly situated to the plaintiff in *Arellano-Sanchez*, has indicated a desire not to be released under the rationale set out in that case. *See Bray v. Sundquist* (S072563). Nevertheless, to the extent that the state believes that it lacks the authority to release such persons in the absence of individualized relief ordered by this court, that view is not well founded. This court's recent rulings have established that DOC's orders did not provide authority for plaintiffs' rearrest and return to prison. The state has authority to follow the law as we have stated it. *See Burke v. Children's Services Division*, 288 Or 533, 548,

---

[3] ORS 34.700(2) provides that a court "shall include in the judgment an order that the defendant pay the attorney fees incurred by the petition, not to exceed $100," if "[t]he court enters a judgment requiring that the plaintiff be discharged" and "[t]he court finds that the allegations or defenses in the return were frivolous." Under the circumstances, we do not find that the state's position was frivolous. For that reason, plaintiff is not entitled to attorney fees under the statute.

607 P2d 141 (1980) ("We will not assume that the defendant agencies of the State of Oregon will, in the absence of an injunction, refuse to follow the law as we have stated it.").

We further observe that, at this point, the circuit courts of this state are well equipped to address future habeas proceedings to the extent that plaintiffs seek relief on the grounds set out in *Arellano-Sanchez*. Moreover, because such filings may well raise case-specific factual issues that require resolution, the circuit courts are likely to be the pre-ferred forum.

It is hereby ordered that plaintiff immediately be discharged from his illegal imprisonment. Pursuant to ORAP 1.20(5) and notwithstanding ORAP 9.25 and ORAP 14.05(3)(b), the State Court Administrator shall issue the appellate judgment immediately.